MINNIE GUION, by Her Guardian, v. W. M. GILLER, Executor, etc.

**Homesteads: JOINT DEEDS.** An oral agreement, by a married man and his wife, to give their homestead to a grandchild, if she would live with them as their daughter, is void—notwithstanding an assurance that the contract would be performed, made by the husband after the death of the wife—under Code, section 1990, providing that a conveyance or incumbrance by the owner of the homestead, is of no validity, unless the husband and wife, if the owner is married, concur in and sign the same joint instrument.

**Striking Amendment: CONSOLIDATION OF ACTIONS.** In a proceeding to establish a claim against an estate, it was not error to strike an amendment by claimant, making an administrator of another estate a party, where the amendment would cause a continuance, and the two claims were based on separate facts, though the claim set up by amendment had to be established first, and both claims might have been adjudicated in one proceeding.

**Transfer to Equity.** Pending an action by G, brought by her mother, as next friend, against the estate of the latter's father, to enforce an agreement to convey land to G, and pay her one thousand dollars, the mother agreed to dismiss the suit, and convey her own interest in the estate as heir, to her brother. Afterwards, the mother died, and her executor, under a decree for a specific performance, obtained by the brother, with the executor's consent, conveyed the mother's interest, but said suit was not dismissed. *Held,* that a proceeding by G's guardian, to establish a claim against the mother's estate, because of its having received the proceeds of the interest so conveyed, was not one for equitable relief, transferable to the equity docket.

*Appeal from Wapello District Court.* — HON. ROBERT
SLOAN, Judge.

THURSDAY, FEBRUARY 11, 1897.

THIS proceeding is to establish a claim in probate
against the estate of Minnie Gault, deceased, of which
the defendant is executor.    The plaintiff, Minnie
Guion, was a daughter of Minnie Gault.    The facts
alleged in support of the claim are, so far as material,
as follows:    Ferdinand Krombka was the father of
Minnie Gault.    He died intestate in 1892, his wife
having died the year previous.    When Minnie Guion
was a small child, her mother, Minnie Gault, she hav-
ing again married, agreed with Ferdinand Krombka
and his wife to allow Minnie Guion to live with them
during their lives, or until Minnie should marry, on
condition that Ferdinand Krombka and his wife should
give to Minnie one thousand dollars and their home-
stead at Agency, which Ferdinand and his wife agreed
to do.    That in pursuance of such agreement Minnie
did so live with them until their death.    That Minnie
Gault and Augustus Krombka were the only children
and survivors of Ferdinand Krombka.    That after the
death of Ferdinand Krombka, one Sautbine, was
appointed administrator of his estate.    That thereaf-
ter Minnie Gault, as next friend to Minnie Guion,
instituted proceedings against the estate, with Augus-
tus Krombka as a party, to enforce the claim of
Minnie Guion to the money and the homestead.    That,
pending such proceeding, Minnie Gault and Augustus
Krombka entered into an agreement in writing for the
settlement of all matters pending, whereby, for the
consideration of one thousand six hundred dollars,
Minnie Gault was to convey to Augustus Krombka
all her interest in their father's estate, real and
personal, and dismiss the proceeding pending in

the interest of Minnie Guion. That thereafter
some disagreement arose, and Augustus Krombka
commenced a suit for specific performance against
Minnie Gault, pending which Minnie Gault died, tes-
tate, and defendant, Giller, was appointed execu-
tor under the will. Thereafter Giller, as executor,
appeared in the suit for specific performance, and
asked the court for an order allowing him to perform
the agreement as asked by Krombka, and the order
was granted, and the interests of Minnie Gault were
duly conveyed on payment to Giller of one thousand
two hundred and seventy-four dollars and fifteen
cents. In the meantime F. M. Hunter had been
appointed as guardian of Minnie Guion, and as such
he presents this claim against the estate of Minnie
Gault, reciting the facts as to the sale by her of both
the personal property and the homestead, and the
receipt by her, or her estate, of the proceeds, and the
appropriation thereof. Giller, as executor, filed an
answer, denying a liability, and pleaded facts that it
may be necessary to notice somewhat in the opinion.
David Sautbine, administrator of the estate of Ferdi-
nand Krombka, was made a party in the suit of Min-
nie Gault against Augustus Krombka, but made no
appearance. In this proceeding, Hunter, as guardian,
amended his petition to establish the claim against the
Krombka estate also, and made Sautbine, as administra-
tor of that estate, a party; and he appeared and answered.
On motion of defendant the court struck the amend-
ment to the petition by Hunter and the answer of
Sautbine from the files. In connection with the
amendment to the petition, and the appearance of
Sautbine, plaintiff asked to transfer the cause to the
equity docket for trial, which the court refused. The
cause then proceeded to trial, and the court allowed
on the claim for one thousand dollars, the sum of five
hundred dollars, with interest, and denied any recovery

on the claim because of the homestead. Both parties appealed.—*Affirmed.*

*Jaques & Jaques* and *F. M. Hunter* for plaintiff.

*W. M. Giller* and *McElroy & Heindel* for defendant.

GRANGER, J.—I. We will first notice the plaintiff's appeal. It may be well, at the outset, to notice a somewhat confused condition of the record. It will be remembered, that after the death of Ferdinand Krombka, Minnie Gault, as next friend to Minnie Guion, instituted a proceeding to make the estate liable on the agreement to pay the one thousand dollars, and transfer the homestead. The agreement of settlement was made in that case, by which the interest of Minnie Gault was to be transferred to Augustus Krombka, and the suit be dismissed. This was followed by a disagreement, and a suit for specific performance, pending which Minnie Gault died, and Giller, as executor, afterward appeared, and a judgment for performance was entered and performed, except that it appears, that the suit by Minnie Gault, as next friend, was not dismissed. It seems, from the arguments, and from some parts of the record, that this proceeding by Hunter, as guardian, is but a continuation of that by Minnie Gault, as next friend; that is, he comes into that proceeding, and files a claim against the estate of Minnie Gault, to which her executor appears, and the claim is adjudicated. If we are right as to the facts, the situation is unusual, but unadvised, we see nothing in it to defeat or impair the final adjudication as to the liability of the estate of Minnie Gault, deceased. As we understand the record, the liability of her estate depends on whether, had she survived, and herself performed her agreement with Augustus Krombka, as did the executor, would

she be personally liable on the claims here presented?
This understanding will aid materially in determining
the questions on plaintiff's appeal.

II.   The amendment to the petition, which the
court struck out, simply asked that Sautbine, as
administrator of the estate of Krombka, be brought
in, to the end that plaintiff's claim might also
be proven and allowed against that estate. It
appears from the motion to strike, that the
cause had been pending for some eight months, and
the amendment would cause a continuance; and also
that the claims against the two estates were based on
entirely separate and distinct facts. The latter state-
ment clearly appears from the record. We see no
reason why the two claims should be adjudicated in
the same proceeding. It is said that it was necessary to
establish the claim against the Krombka estate first.
Had defendant been making that claim as a condition
precedent to a right of recovery against the Gault
estate, the claim would be more tenable; but even
then it need not be in this proceeding. They are
separate estates, and claims against them, in the usual
order, would be established in separate proceedings.
Even though the claims might, in the discretion of
the court, have been adjudicated in the same proceed-
ing,—which we do not decide,—there was no such
legal right that the denial of it involved error.

III.   It is urged that the cause should have been
transferred to the equity docket for trial. Here, again,
there is confusion as to the record, for it is said that
the original action is one for specific performance; by
which we understand it to be thought that this action
is injected into that for specific performance, and it
seems to be claimed that because such was the nature
of the action originally, and because of the agreement
of Ferdinand Kromba to give to Minnie Guion the
homestead, the matter is of equitable cognizance; but

we think this is a misapprehension of both the record and the law. As we understand, the action for specific performance was concluded and in no way affects this action, except in so far as the judgment in it carried into effect the agreement of Minnie Gault, so that she sold one-half the estate and appropriated the proceeds, a part of which should have been applied to the payment of the claim in this case. The claim in this case is for money only, because of money received by the Gault estate from the Kromba estate. It is not an effort to secure the homestead, but what was received for it. The relief sought is purely legal, as distinguished from equitable relief. If we are mistaken as to the understanding of plaintiff as to the "original action,"—that is, as to what proceeding this one is connected with,—the result should be the same, for the relief sought is the same under either state of facts. There was no error in denying the change.

IV. The judgment of the court shows that a recovery on the claim as based on the agreement to give to Minnie Guion the homestead, was denied, because the contract was oral, and the property was, at the making of the contract, a homestead. The holding was based on Code, section 1990, which provides that, as to a homestead, a conveyance or incumbrance by the owner is of no validity, unless the husband and wife, if the owner is married, concur in and sign the same joint instrument. This statute is sought to be avoided because of a claim that after the death of the wife, Minnie Guion went to Omaha, and Krombka induced her to go back under an agreement to do the same as he had before agreed to do; that is, give her the one thousand dollars and the homestead. The court must have found the fact to be—as we think it should—that the original contract was the one relied on. In fact, it was

the only contract. The last was but an assurance that the contract would be performed. Mrs. Krombka had died, and Minnie went away, seemingly on a visit, and Krombka wanted her back under the agreement already made, and there was no new contract. The contract was of no validity under the statute cited.

V. We now notice the case on defendant's appeal. The court allowed five hundred dollars, which was one-half the amount the Krombka estate owed Minnie Guion, on her claim for money promised her. This allowance was on the theory that Minnie Gault's estate had received one-half of the Krombka estate, in pursuance of her settlement with Augustus Krombka. The state of the evidence is such that the court could have found that Minnie Gault, in her settlement, contemplated, at least, a payment of some part, if not all, of Minnie Guion's claim. The fair inference is that the settlement was made to permit Minnie Gault and her brother to divide the estate, and as the settlement made no provision for the payment of Minnie Guion's claim by either, and as a suit for that claim was to be dismissed, by the terms of settlement, it is difficult to draw an inference other than that the parties taking the property intended to adjust the claim. In fact, it appears that Minnie Gault so intended, from her statements at the time. It is not necessary to consider claims as to the liability of the estate of Krombka, regardless of the settlement, and that no such a settlement could bind Minnie Guion. Admit all, and her right against the estate of her mother is not lost. We place our conclusion on the fact that the evidence would support a finding that Minnie Gault settled the suit by her, as next friend to Minnie Guion, intending to assume at least, what the judgment requires the estate to pay. This is conclusive of defendant's appeal.

On both appeals, the judgment is AFFIRMED.